## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RICHARD BRYAN TYREE** | * | |
| **Plaintiff** | * | |
| **v.** | * | **Case No. 10-cv-01084-RDB** |
| **BALTIMORE COUNTY POLICE DEPARTMENT, et al** | * | |
| | * | |
| **Defendants** | | |

\* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS OR
## FOR SUMMARY JUDGMENT

The Defendants, by undersigned Counsel, respectfully submit this Memorandum in Support of their Motion to Dismiss or for Summary Judgment.

## INTRODUCTION

The Plaintiff has filed a Complaint against the Baltimore County Police Department, Baltimore County, and Officer John Doe.  In his Complaint, the Plaintiff alleges that on October 17, 2007, following his arrest, he was beaten about his face and body by members of the Baltimore County Police Department while in custody at the Essex Precinct on Kelso Drive.  He further claims that he suffered severe and permanent bodily injuries, including a fractured eye socket, fractured ribs, double vision and other serious and debilitating injuries.

He asserts five causes of action:   Count I - Violation of Maryland Declaration of Rights; Count I - Violation of Federal Constitutional Rights under 42 U.S.C. § 1983; Count III - Assault; Count IV - Battery; and Count V - Intentional Infliction of Emotional Distress.   He claims a total of $5,000,000 in compensatory damages and $15,000,000 in punitive damages.

## ARGUMENT

### 1.    The Baltimore County Police Department Is Not an Entity Subject to Suit

The claim against the Baltimore County Police Department should be dismissed, because the Baltimore County Police Department is not a legally cognizable entity, subject to suit in its own name. *See County Council for Montgomery County v. Supervisor of Assessments of Montgomery County*, 274 Md. 116, 123, 332 A.2d 897, 900-01 (1975).

Section 101 of the Baltimore County Charter established Baltimore County as a body corporate and politic, with all the rights and powers of local self-government and home rule, as provided or implied by the Constitution and laws of the State of Maryland. The Baltimore County Police Department is but one of several departments created under Section 504 of the Baltimore County Charter. With regard to the County's capacity to sue and be sued, Section 103 of the Charter states that "[t]he corporate name shall be 'Baltimore County, Maryland', and it shall be thus designated in all actions and proceedings touching its rights,

boundaries, liabilities and duties." Neither the Charter, nor any other statute, confers any independent legal capacity on any of the departments of Baltimore County government. Baltimore County Charter, §§101, 504. Furthermore, Maryland's highest court has confirmed that departments within a county's administrative structure are not independent, *sui juris* legal entities. *See Boyer v. State*, 323 Md. 558, 572 n. 9, 594 A.2d 121, 128 (1991); *Ashburn v. Anne Arundel County*, 306 Md. 617, 620, 510 A.2d 1078, 1079 (1986)(circuit court dismissed Anne Arundel County Police Department because it was not a separate legal entity).

Accordingly, the claim against the Baltimore County Police Department should be dismissed pursuant to Fed. R. Civ. P. 12 (b) (6) for failure to state a claim.

## 2.      The Plaintiff's Claims Are Barred By The Doctrine of Judicial Estoppel

Attached hereto as Exhibit 1 in support of the Defendants' Motion are the docket entries from the Plaintiff's appearance in the Circuit Court for Baltimore County, reflecting the fact that he was found guilty of Second Degree Assault. Also attached hereto as Exhibit 2 is the Reporter's Official Transcript of Proceedings in the Circuit Court for Baltimore County on June 12, 2008, the date

of the Plaintiff's court appearance.  The Assistant State's Attorney recited the facts

which formed the basis for the State's case:

>**THE COURT**:      Okay, Statement of facts, please.

>**STATE'S ATTORNEY**:   10/17/07, officers at 1859 hours respond to 137 Back River Neck Road in Baltimore County in reference to disorderly subject, Officer Spoke with Kelly Salling, who advised that a white male standing across the street, the Defendant to the right of Counsel, was in the parking lot of The Caddy shack Restaurant making references to people.  He jumped out of the vehicle, running around the front of the Caddy Shack yelling, quote, "I'm here to get the nigger drug dealers."   The white man began approaching people walking by, one was a child that the Defendant chased into the street screaming.  Ms. Salling further advised Defendant also chased two young girls, who ran from the location scared.  Neither the little boy nor the two young girls who were at the scene upon arrival could be located.

>The officer approached the Defendant to the right of Counsel, who was very intoxicated, had a strong odor of alcohol beverage on his person, yelling obscenities at the officer.  He said he was there to rid the community of nigger drug dealers.  Asked the Defendant where he lived; he said Plainfield Road in Dundalk.  They asked him what he was doing in Essex.  He answered he was there to get all the nigger drug dealers.  He asked where his ride was.  He said his wife dropped him off, did not know where his wife was.  He was asked his name at that time, which he gave as Richard Tyree.  He continued screaming obscenities which was causing a disturbance to the businesses on Back River Neck Road, especially The Caddy Shack, and citizens walking into the parking lot and down the sidewalks, stopping and watching as the Defendant continued to curse and use the, yell the word, niggers.

Ms. Salling and Ms. Debbie Henninger both witnessed the Defendant's disorderly behavior. He was told to be quiet and stop yelling profanities, but he continued. He was then placed under arrest, handcuffed, placed back in the patrol vehicle, kicking in the back window of the patrol vehicle in an attempt to break it. Mr. Tyree was removed from the back seat, placed on the ground until the paddy wagon came to transport him. He continued to scream obscenities and began thrashing on the ground, kicking Officer Garland in the knee without permission and placing the officer in fear and then began spitting at the officers restraining him. Officer Douglas attempted to use pepper spray to prevent him from trying to injure the officers assisting him, however, the OC spray was not functioning. The Defendant began threatening the officers present stating that he would find and kill each of the officers. He stated he was in the military, he would find them and burn them because that's what he does. He would remember their faces, sneak up on them when they had were not watching.

The Defendant's threats and obscenities continued until the paddy wagon arrived. He was shackled to prevent anymore kicking. He lifted his feet up and fell to the ground, hitting his face on the cement. He was helped back up on to his feet and carried to the paddy wagon. He continued yelling obscenities at that point in time. He was then transported back to the Precinct 11, where he continued to yell obscenities at that point in time. He was then transported back to Precinct 11, where he continued to yell obscenities and threaten officers. He was given water for the abrasions on his face which he acquired when he gave his legs out causing him to fall on the ground. The offenses occurred in Baltimore County. That would be the State's case.

> **MR. TINNEY [Plaintiff's Defense Attorney]**:   No additions, corrections or modifications.   For the record make a motion for Judgment of Acquittal and submit.
>
> **THE COURT**:  The plea was to what counts, Mr. Kroll?
>
> **MR. KROLL**:   Second degree assault on Officer Garland.
>
> **THE COURT:**   I find the Defendant guilty of second degree assault on Officer Garland.  I'll hear from you.

The Plaintiff's only allocation was as follows:

> **THE DEFENDANT**:  I am just very sorry for what I did.   I promise I'll never have another drink or harm anyone.  I am a very quiet person and it's certainly, that was unbecoming of me.

The Plaintiff then received a 2 year sentence, which was later modified to 18 months probation.

*   *   *   *   *   *   *   *   *

The Plaintiff's claim is barred under the doctrine of judicial estoppel.

Judicial estoppel is a principle developed to prevent a party from taking a position in a judicial proceeding that is inconsistent with a stance previously taken in Court.  *Zinkand v. Brown*, 478 F. 3d 634, 638 (4th Cir. 2007).  Federal law controls the application of judicial estoppel, since it relates to protection of the integrity of the federal judicial process.  *Allen v. Zurich Ins. Co.*, 667 F. 2d 1162, 1168 n. 4 (4th Cir. 1982).  A court of appeals reviews a district court decision on

whether to apply judicial estoppel for abuse of discretion. *King v. Herbert J. Thomas Memorial Hospital*, 159 Fed. 3d 192, 198 (4th Cir. 1998).

In *Lowery v. Stovall*, 92 F. 3d 219 (4th Cir. 1996), the Fourth Circuit affirmed a grant of summary judgment in favor of police officers who had been sued in a § 1983 action by a plaintiff who had pled guilty in a related criminal action.

The rationale of *Lowery* applies in this case because the entry of a plea of not guilty based upon an agreed statement of facts has repeatedly been held by the Maryland appellate courts to be "the functional equivalent of a guilty plea." See *Sutton v. State*, 289 Md. 359, 365-66, 424 A.2d 755, (1981); *Polk v. State*, 183 Md. App. 299, 302 n.2, 961 A.2d 603, 605 (2008) (Moylan, J.).

In *Lowery*, the Fourth Circuit held that judicial estoppel applies when three criteria have been met. First, the party sought to be estopped must be seeking to adopt a factual position inconsistent with the factual position taken in earlier litigation. *Id.* at 224. Second, the prior factual statement "must have been accepted by the Court." *Id*. Third, the party sought to be estopped must have intentionally misled the Court to gain unfair advantage." *Id*.

All three of these criteria are met in this case. First, Plaintiff's factual contentions in his Complaint are inconsistent with the factual basis for his plea in the Circuit Court for Baltimore County.

Second, Plaintiff's agreement to the statement of facts was accepted by the Court.

Finally, the third criteria is satisfied as well.  In *Lowery*, the Fourth Circuit found that a party who had entered into a guilty plea and then introduced an inconsistent statement in a later civil suit, met this criteria.  Because a plea of not guilty on an agreed statement of facts is the functional equivalent of a guilty plea, the rationale of *Lowery* applies to this case.

Judge Blake reached the same conclusion in *Dorsey v. Ruth*, 222 F. Supp. 2d 753 (D. Md. 2002).  Dorsey, a motorist, brought a Section 1983 action alleging that his Fourth Amendment rights were violated when a police officer shot him without justification.  However, Dorsey had previously entered into a guilty plea in the Circuit Court for Baltimore County, pleading guilty to assaulting a police officer and theft of a car.  Based upon the factual basis for the plea, Judge Blake found that all three judicial estoppel criteria were satisfied and she granted the police officer's motion for summary judgment.

In *Zinkand*, *supra*, two judges of a three-judge panel held that judicial estoppel did not preclude an arrestee's section 1983 claim.  The court found that the third criteria was not satisfied, because the district court specifically stated in its ruling on judicial estoppel that it was "not suggesting subjective bad faith on the part of Mr. Zinkand."  *Id.* at 638.  Since the district court in this case has not yet

8

ruled on the issue of judicial estoppel, there is no such distinction present in this case.

Accordingly, the Court should grant the Defendants' Motion for Summary Judgment based upon the doctrine of judicial estoppel.

### 3.    The Defendants Are Entitled To Qualified Immunity

In *Walker v. Prince George's County*, 575 F.3d 426, 429 (4th Cir. 2009) (O'Connor, J.), the Fourth Circuit discussed the doctrine of qualified immunity:

> Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. ----, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). There is a two-prong test for resolving qualified immunity claims. First a court "must decide whether the facts that a plaintiff has alleged (see *Fed. Rules Civ. Proc*. 12(b)(6), (c)) or shown (see Rules 50, 56) make out a violation of a constitutional right." *Id.* At 815-16, 102 S. Ct. 2727. Second, if the plaintiff has satisfied this first step, "the court must decide whether the right at issue was 'clearly established' at the time of [the] alleged misconduct." *Id*. At 816, 102 S.Ct. 2727, (citation omitted). Overruling *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the Supreme Court recently held that "courts of appeals [are] permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in [a] particular case," *Pearson*, 129 S.Ct. at 818.

In this case, because Plaintiff is judicially estopped from asserting a factual position different from the agreed statement of facts, he cannot make out facts to support a violation of his constitutional rights.   The Defendants accordingly are entitled to summary judgment on the grounds of qualified immunity.   *See Lowery*, *supra* at 226; *Dorsey*, *supra* at 756-57.

## CONCLUSION

For the above reasons, the Defendants respectfully request that the Court grant their Motion to Dismiss or in the alternative, for Summary Judgment.

Respectfully submitted,

JOHN E. BEVERUNGEN
County Attorney

/s/

_____
JAMES J. NOLAN, JR.
Assistant County Attorney
Courthouse, Second Floor
400 Washington Avenue
Towson, Maryland 21204
(410) 887-4420