IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD BRYAN TYREE | * | |
|     PLAINTIFF | * | |
| V. | * | |
| BALTIMORE COUNTY POLICE DEPARTMENT, et al. | * | CASE NO. 10-cv-01084-RDB |
| | * | |
|     DEFENDANTS | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE
TO DEFENDANTS' MOTION TO DISMISS OR
FOR SUMMARY JUDGMENT**

Plaintiff, Richard Bryan Tyree, by undersigned counsel submits this Memorandum in Support of his Response to Defendants' Motion to Dismiss or for Summary Judgment.

**I. INTRODUCTION AND FACTS**

This matter stems from an incident that took place on or about October 17, 2007, subsequent to the arrest and transport of the Plaintiff, Richard Bryan Tyree ("Tyree") by members of the Baltimore County Police Department (the "Department") to Baltimore County Police Precinct 11. While in the custody of the Department, Tyree was viciously beaten about his face and body by members of the Department and suffered severe injuries including a fractured eye socket, fractured ribs and double vision. As a result of these injuries Tyree required extensive medical treatment.

1

Tyree initiated suit in the Circuit Court for Baltimore County against Defendants the Department; Baltimore County, Maryland, (the "County") and Officer John Doe representative of the yet unnamed officers responsible for Mr. Tyree's injuries ("Police Officers"). Tyree's Complaint sets forth five counts alleging Violation of Maryland Declaration of Rights; Violation of Federal Constitutional Rights under 42 U.S.C. §1983; Assault; Battery; and Intentional Infliction of Emotional Distress.

The Defendants removed the case to this Court and subsequently filed a Motion to Dismiss or for Summary Judgment. The Motion argues on behalf of all of the Defendants that Tyree's claims are barred by the doctrine of judicial estoppel and that they are entitled to qualified immunity; and on behalf of the Department, that it should be dismissed alleging it is not *sui juris*.

## II. STANDARDS OF REVIEW

Defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or alternatively for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. When evaluating such a motion "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Mtkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). Plaintiff need not set forth detailed factual allegations in the complaint but the facts must be sufficient enough to show that the plaintiff is entitled to relief FRCP 8(2)(2) and *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248

F.3d 321, 325-26 (4th Cir. 2001).

Like a Rule 12(b)(6) motion, when reviewing a motion for summary judgment pursuant to Rule 56(c) the Court must view the facts and all inferences that may drawn from them in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). Summary judgment is only appropriate when there is no dispute of a material fact and the moving party is entitled to judgment as a matter of law. *Celote Corp. v Catret* 477 U.S. 317, 322 (1986).

### III. ARGUMENT

#### A. Suit Against Baltimore County Police Department

The Baltimore County Police Department is not a cognizable entity and as such dismissal of the Department is appropriate.

#### B. The Application of the Doctrine of Judicial Estoppel is not Appropriate

Defendants assert that Tyree's claims are barred by the doctrine of judicial estoppel due to his plea of not guilty on an agreed statement of facts at his criminal trial. The purpose of judicial estoppel is to prevent a party "from playing 'fast and loose' with the courts and to protect the essential integrity of the judicial process." *Allen v. Zurich Ins. Co.,* 667 F.2d 1162, 1166 (4th Cir. 1982). This doctrine must be applied with caution. *See John S. Clark Co. v. Faggert & Frieden P.C.* 65 F.3d 26, 29 (4th Cir. 1995).

In order for the doctrine to apply the Defendants must establish at least three elements: (1) the party to be estopped must be asserting a position that is factually incompatible with a position taken in a prior judicial or administrative proceeding; (2) the prior inconsistent position

must have been accepted by the tribunal; and (3) the party to be estopped must have taken inconsistent positions intentionally for the purpose of gaining unfair advantage. *King v. Herbert J. Thomas Memorial Hospital*, 159 F.3d, 196 (4th Cir. 1998). When a party does not rely on mutually inconsistent positions there is no basis for applying the doctrine of judicial estoppel. *See Kloth v. Microsoft Corp.,* 444 F.3d 312, 321 (4th Cir. 2006).

Nothing in the Complaint contradicts what is in the statement of facts submitted at the criminal trial rather they both deal with two different time frames. See Affidavit of Tyree attached hereto as Exhibit 1. The statement of facts at the criminal trial addresses the pre-arrest and arrest and the Complaint addresses the Police Officer's actions subsequent to the arrest while Tyree was in their custody. As the facts presented at the criminal trial and in the Complaint in the present case are not inconsistent the doctrine of judicial estoppel does not apply.

**C. The Defendants Are Not Entitled to Qualified Immunity**

To determine whether a state officer is entitled to qualified immunity a two-prong test is applied. First, a court "must decide whether the facts that a plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6),(c)) or shown (see rules 50, 56) make out a violation of a constitutional right. *Pearson v. Callahan*, 129 S. Ct. 808, 815-16, 172 L. Ed. 2d 565 (2009). The second prong is for the court to decide "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id*. In *Pearson* the Court held that "judges of the district courts and the courts of appeals should be permitted to use their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in the light of the circumstances in the particular case at hand." *Id*. at 818.

In the present case Tyree has sufficiently set forth allegations of violations of his constitutional rights. While the conduct of the arresting officers may have been reasonable the conduct and force used by the Police Officers subsequent to the arrest was not. The continued beating of Tyree after being handcuffed and placed in leg shackles and then transported to the security of the police precinct was excessive and a violation of Tyree's constitutional rights. That this conduct is not tolerable was "clearly established" at the time of the Police Officer's misconduct. *See Bailey v. Kennedy*, 349 F.3d 731,743-45 (4th Cir. 2003) (denying qualified immunity to officers who continued to deliver extensive blows and kicks to an unarmed man);*see also* at 745 citing *Mayard v. Hopwood*, 105 F.3d 1226, 1227 (8th cir. 1997) "(denying qualified immunity to an officer who slapped and punched a suspect, in handcuffs and leg restraints, even though the suspect had, prior to being completely restrained, kicked and hit an officer, physically resisted arrest, and shouted and screamed at officers)".

### IV. CONCLUSION

The doctrine of judicial estoppel is not applicable in this case. Additionally, the actions, as alleged, of the Defendants do not entitle them to qualified immunity. For these reasons the Defendants' Motion should be denied.

> Respectfully submitted,
> /s/<u>David H. Cohen</u>
> David H. Cohen
>
> /s/<u>William S. Tinney</u>
> Cohen & Forman, LLC
> 334 St. Paul Place
> Baltimore, MD 21202
> 410-539-1230