IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RICHARD BRYAN TYREE, | * |
| Plaintiff, | * |
| v. | * Case No. 10-cv-01084-RDB |
| BALTIMORE COUNTY, MARYLAND & UNNAMED OFFICERS OF THE BALTIMORE COUNTY POLICE DEPARTMENT[1] | * |
| Defendants, | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Richard Bryan Tyree filed a complaint against Baltimore County, Maryland and various unnamed police officers of the Baltimore County Police Department. In his complaint, Tyree alleges (1) a violation of the Maryland Declaration of Rights, (2) a violation, pursuant to 42 U.S.C. § 1983, of his Fourth and Fourteenth Amendment federal constitutional rights, (3) assault, (4) battery, and (5) intentional infliction of emotional distress. The complaint was filed in the Circuit Court of Baltimore County on October 15, 2008. Defendants removed the case to this Court on April 30, 2010, under 28 U.S.C. §§ 1441 and 1446. Pending before this Court is Defendants' Motion to Dismiss Tyree's claims. For the reasons set forth below, the Defendants' Motion to Dismiss (Paper No. 9) is GRANTED.

## BACKGROUND

---

[1] Both parties concede that the Baltimore County Police Department is not an entity subject to suit. Accordingly, the caption has been changed to reflect the change in parties.

1

In ruling on a motion to dismiss, "[t]he factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

Most of the facts in this case are not disputed. On October 17, 2007, Baltimore County Police Officers arrested Richard Bryan Tyree (Tyree) and charged him with (1) second degree assault, (2) failure to obey a reasonable and lawful order, (3) disorderly conduct, and (4) malicious destruction of property. On June 12, 2008, in the Circuit Court for Baltimore County, Tyree pleaded not guilty to an agreed statement of facts on the assault count. The prosecutor, in return, agreed not to prosecute the balance of Tyree's counts. The agreed statement of facts contained a description of the events prior, during, and after Tyree's arrest. The agreed statement of facts included the following: "[Tyree] was then transported back to [the police precinct], where he continued to yell obscenities and threaten officers. He was given water for the abrasions on his face which he acquired when he gave his legs out causing him to fall on the ground." Tr. at 6. The circuit court found Tyree guilty of assault based on upon the agreed statement of facts and sentenced him to two years with the Division of Correction.

On October 15, 2008, Tyree filed a complaint in Circuit Court for Baltimore County against Baltimore County and the unnamed police officers (Defendants), alleging that Defendants exercised excessive force after they took him back to the police precinct. Tyree asserts: (1) a violation of the Maryland Declaration of Rights, (2) a claim under 42 U.S.C. § 1983, alleging a violation of his Fourth and Fourteenth Amendment rights, (3) an assault claim, (4) a battery claim, and (5) an intentional infliction of emotional distress claim. In his complaint, Tyree requests $5,000,000 in compensatory damages and $15,000,000 in punitive damages. On

April 30, 2010, Defendants removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. On May 3, 2010, Defendants filed this Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), or for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56. Tyree filed a response.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) mandates that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards*, 178 F.3d at 243.

The plausibility standard governs whether a complaint survives a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On the one hand, the plausibility standard requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Id.* On the other hand, the plausibility standard does not require a fact-intensive complaint satisfying a heightened probability standard. *Id.* In striking this balance, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id. See also Nemet Chevrolet, Ltd. v. Consumeraffairs.com*, 591 F.3d 250, 255 (4th Cir. 2009) ("[W]e also conclude from the analysis in *Iqbal* that legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled

3

facts for Rule 12(b)(6) purposes.").

Courts assume that well-pleaded factual allegations contained in the complaint are true "even if [they are] doubtful in fact," but courts do not give legal conclusions similar judicial deference. See *Twombly*, 550 U.S. at 570 (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citations omitted)).

## DISCUSSION

Defendants argue that judicial estoppel bars Tyree from asserting his claims. Defendants also argue that they are entitled to qualified immunity, shielding them from liability for Tyree's allegations. The doctrine of judicial estoppel bars Tyree from asserting his claims and, in the alternative, this Court finds that Defendants are entitled to qualified immunity.

I. Judicial Estoppel

The doctrine of judicial estoppel prevents a party from adopting a position inconsistent with a position taken in prior litigation. *Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007). The purpose of judicial estoppel is to prevent litigants from "playing fast and loose with the courts, and to protect the essential integrity of the judicial process." *Lowery v. Stovall*, 92 F.3d 219, 223 (4th Cir. 1996) (quoting *John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 25, 28-29 (4th Cir. 1995)). For judicial estoppel to bar Tyree's claims, Defendants must establish that (1) Tyree's positions are inconsistent, (2) Tyree's prior inconsistent position must have been accepted by the tribunal in the prior proceeding, and (3) Tyree must have acted in bad faith, intentionally misleading either court to gain an unfair advantage. *Zinkand*, 478 F.3d at 638. *See also EEOC v. Greater Balt. Med., Ctr., Inc.*, 2011 U.S. Dist. LEXIS 6076, at *14 (D. Md. Jan. 21, 2011).

First, Tyree's positions are clearly inconsistent. In his complaint, Tyree alleges that he was "beaten about his face and body" by the Defendants after arriving at the police precinct. In contrast, Tyree previously agreed to a statement of facts that explained that Tyree "was given water for the abrasions on his face *which he acquired when he gave his legs out [during his arrest] causing him to fall on the ground.*" Tr. at 6 (emphasis added). The latter statement explains when, where, and how Tyree acquired his injuries. Tyree cannot now provide a new explanation for when, where, and how he acquired those same injuries.[2]

Second, Tyree's prior inconsistent position was accepted by the Circuit Court for Baltimore County. Tyree's attorney declined to make any additions, corrections, or modifications to the agreed statement of facts. Tr. at 6.

Third, Tyree acted in bad faith. In *Lowery*, the Fourth Circuit held that the plaintiff was estopped from asserting a claim for excessive force under 42 U.S.C. § 1983 when he pleaded guilty in the prior criminal proceeding. 92 F.3d at 224-25. Specifically, the plaintiff argued that

---

[2] Before sentencing, Tyree's lawyer noted that the only injury Tyree sustained during the incident was "redness on the knee," implying that his other injuries were not the result of Tyree's actions during the incident. Tr. at 7-8. The lawyer's statement is not enough to provide a material issue of fact because the entire purpose of the agreed statement of facts is to eliminate factual disputes for the record. As the Maryland Court of Special Appeals explained in *Barnes v. State*:

> Under an agreed statement of facts both State [sic] and the defense agree as to the ultimate facts. Then the facts are not in dispute, and there can be, by definition, no factual conflict. The trier of fact is not called upon to determine the facts as the agreement is to the truth of the ultimate facts themselves. There is no fact-finding function left to perform. To render judgment, the court simply applies the law to the facts agreed upon. If there is agreement as to the facts, there is no dispute; if there is dispute, there is no agreement.

*Barnes v. State*, 354 A.2d 499, 505 (Md. Ct. Spec. App. 1976). The agreed statement of facts is the exclusive record for this case and, therefore, it is the basis upon which this Court's analysis will proceed.

the defendant police officer shot him without justification. *Id.* at 224. In accepting his guilty plea, however, the plaintiff admitted that he maliciously attacked the police officer before the shooting. *Id.* As to the bad faith element, the Fourth Circuit reasoned that the plaintiff was trying to take the benefit of pleading guilty in the earlier proceeding — receiving "a drastically reduced sentence" — while attempting to win a civil rights claim in a later proceeding. *Id.* at 225. In the court's view, the tactical inconsistency was "too much to take," and the court found that judicial estoppel barred the plaintiff from asserting his claim. *Id.* at 225 (quoting Geoffrey Hazard, *Revisiting the Second Restatement of Judgments: Issue Preclusion and Related Problems*, 66 CORNELL L. REV. 564, 578 (1981)). *Lowery*, thus, stands for the proposition that a plaintiff may not enjoy the benefits of his plea agreement only to take an opposite stance in a later civil suit.

As in *Lowery*, Tyree cannot reap the advantages of making inconsistent statements between proceedings. Tyree pleaded not guilty to an agreed statement of facts. Such pleas are sometimes treated as "the functional equivalent of a guilty plea." *See Sutton v. State*, 424 A.2d 755, 259 (Md. 1981). Additionally, the benefits of pleading not guilty to an agreed statement of facts are that (1) the statement of facts is the product of negotiation between the prosecutor and Tyree's attorney, and (2) in Tyree's specific case, upon a finding of guilt the State agreed to prosecute Tyree on only one of the prosecution's four charged counts. Tr. at 2; Exhibit 1. *See also Barnes*, 354 A.2d at 505 ("Under an agreed statement of facts both State and the defense agree as to the ultimate facts."). Tyree is attempting to take advantage of his inconsistent statements so that he may generate a high-fee ($20,000,000) civil rights claim against the Defendants. As in *Lowery*, judicial estoppel bars Tyree's attempt to tactically game the judicial

process.

## II. Qualified Immunity

Qualified immunity also prevents Tyree from bringing these claims. Qualified immunity generally protects government officials from suit when they perform the discretionary duties of their offices. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Courts must ask two questions when assessing whether qualified immunity shields government officials from suit: (1) whether the plaintiff has demonstrated the violation of a constitutional right; and (2) if a constitutional right has been violated, whether the right was clearly established, "such that it would be clear to an objectively reasonable officer that his conduct violated that right." *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002). Either question may be addressed first. *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 821 (2009). Defendants bear the burden of establishing qualified immunity. *Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 332 n.10 (4th Cir. 2009).

Tyree's failure on the judicial estoppel defense prevents him from defeating the qualified immunity defense. Judicial estoppel bars Tyree from alleging that he sustained his injuries at the police precinct as a result of Defendants' use of excessive force. According to the statement of facts in his criminal proceeding, Tyree sustained his injuries after he fell on his face while being arrested. Tyree, therefore, cannot establish the violation of a constitutional right. *See Lowery*, 92 F.3d at 226 (finding that judicial estoppel barred the plaintiff from asserting facts necessary to establishing one of the elements of qualified immunity). Accordingly, qualified immunity bars Tyree from asserting his claims against the Defendants.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss for lack of subject matter jurisdiction is GRANTED.

_____
Richard D. Bennett
United States District Judge

Date: March 4, 2011